# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL KIDD, <br><br> Defendant. | Case No. 19-CR-27-JPS <br><br> **ORDER** |

1. **INTRODUCTION**

On May 7, 2020, Defendant Michael Kidd filed a motion for compassionate release due to the current COVID-19 pandemic and his underlying health issues. (Docket #30). On May 14, 2020, the Government filed a response to Defendant's motion. (Docket #31). The Government's only objection to Defendant's motion for compassionate release was that Defendant failed to exhaust the administrative requirements. *Id.* Defendant filed a reply on May 21, 2020. (Docket #33). On June 3, 2020, the Government filed a response stating that based on defense counsel's representations in the reply brief, as of June 11, 2020, it is the Government's position that Defendant has exhausted the administrative remedies. (Docket #34).

Upon consideration of the parties' submissions, the Court has determined that, as required under 18 U.S.C. § 3582(c)(1)(A), Defendant has exhausted the administrative requirements necessary. Further, the Court has determined that Defendant does meet the requirements for compassionate release. Therefore, Defendant's motion for compassionate release shall be granted. Additionally, the Court will modify Defendant's

term of imprisonment to time served, and Defendant shall begin his term of supervised release as stated in the Court's Judgment. (Docket #26).

## 2. RELEVANT FACTS

On February 12, 2019, Defendant was indicted on one count of theft of public money. (Docket #1). On April 15, 2019, the parties filed a plea agreement with the Court, and on May 8, 2019, Defendant pled guilty to one count of violating 18 U.S.C. § 641. (Docket #12 and #14). Defendant pled guilty to applying for and receiving Social Security benefits under his brother's name after his were erroneously terminated. (Docket #12). On August 23, 2019, this Court sentenced Defendant to a term of imprisonment of Twelve (12) months and One (1) day, and a Three (3) year term of supervised release. (Docket #26).

Defendant's health issues were addressed in the presentence report. (Docket #21). Specifically, it was documented that Defendant was receiving treatment for "lung disease, asthma, and emphysema;" that he had been diagnosed with Hepatitis C and high blood pressure; that his lungs were physically damaged when he was shot in the chest as a young man; that he was hospitalized for pneumonia twice in 2019; and that he had had two surgeries in 2017 regarding his heart and thyroid. (Docket #21 at 18–19). Defendant's underlying health issues put him at high risk for severe illness from COVID-19.[1]

Defendant is scheduled to be released in less than two months. Once his sentence ends, Defendant plans to live with his brother, in his own room which will allow him to self-quarantine for fourteen days. (Docket #30 at 4).

---

[1] Center for Disease Control, Coronavirus Disease 2019 (COVID-19), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

3.  **LEGAL STANDARD**

Motions for "compassionate release" are authorized by 18 U.S.C. § 3582(c)(1), which provides, in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction;
> > >
> > > . . .
> > >
> > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c). The statute does not define the term "extraordinary and compelling reasons." Rather, Congress provided that:

> The [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the

defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(t). The Commission's policy statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction . . .
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to the policy statement provides that extraordinary and compelling reasons exist under these circumstances:

> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,

Page 4 of 7
Case 2:19-cr-00027-JPS   Filed 06/17/20   Page 4 of 7   Document 36

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> . . .
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

**4. ANALYSIS**

Under 18 U.S.C. § 3582(c)(1)(A), there are several elements that must be met before the Court may modify a term of imprisonment. First, Defendant must exhaust his or her administrative remedies. Second, the Court must find that "extraordinary and compelling reasons warrant such a reduction[.]" Third, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a).

As to the first element, it is undisputed that on June 11, 2020, Defendant exhausted the administrative remedies. (Docket #34 and #35). The second element requires the Court to find "extraordinary and compelling reasons" that warrant the reduction in sentence. Defendant's circumstances—particularly the outbreak of COVID-19 and his underlying medical conditions that place him at a high risk should he contract the disease—present "extraordinary and compelling reasons" to reduce his sentence under U.S.S.G. § 1B1.13. This is particularly true because Defendant suffers from underlying health conditions that render him especially vulnerable to COVID-19 and may be fatal. Additionally, prison is a particularly dangerous place for Defendant at this moment. Even with

the measures being taken by the Bureau of Prisons, it is difficult to prevent the spread of the virus and adequately quarantine prisoners. In fact, COVID-19 has infected some inmates in the prison where Defendant is incarcerated. Finally, Defendant has served almost all of his sentence. Taken together, these facts constitute an extraordinary and compelling reason for reducing his sentence.

Lastly, the Court must "consider[] the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). These factors include the "nature and circumstances of the offense," the "history and characteristics of the defendant," the "need for the sentence imposed," "the kinds of sentences available," the types of sentences that other offenders receive for similar conduct, and any pertinent policy statement. 18 U.S.C. § 3553(a). Section 3142(g) sets out the factors that courts should consider when deciding whether to release a person into the community. They include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, ... community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

The Defendant is incarcerated for a non-violent offense. Although he has a criminal history, in the last ten years, Defendant has not been convicted of a violent crime. (Docket #21). Moreover, Defendant will be released into a pro-social environment: he has a stable and supportive family to help him after his release. Defendant has a plan to live with his brother and reacclimate himself to the community after he self-quarantines

for fourteen days. (Docket #30 at 26). Additionally, in light of Defendant's poor health, his impending release date, and the fact that he will begin a term of supervised release immediately upon his release from prison, the Court finds that early release is appropriate. Under the circumstances, the need for an additional two months' imprisonment is unnecessary. For these reasons, the Court holds that the applicable sentencing factors weigh in favor of a sentence reduction for Defendant.

5.  **CONCLUSION**

Defendant has almost reached the end of his term of imprisonment. The last two months of his imprisonment should not be a threat to his life due to the COVID-19 pandemic. For the reasons stated above, this Court will grant Defendant's motion for compassionate release.

Accordingly,

**IT IS ORDERED** that Defendant Michael Kidd's motion for compassionate release (Docket #30) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Michael Kidd's term of imprisonment is reduced to "time served"; and

**IT IS FURTHER ORDERED** that the Bureau of Prisons take all steps necessary to immediately release Defendant Michael Kidd from incarceration pursuant to the amended judgment, which is forthcoming.

Dated at Milwaukee, Wisconsin, this 17th day of June, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 7 of 7
Case 2:19-cr-00027-JPS   Filed 06/17/20   Page 7 of 7   Document 36